UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Roland Hills,<br><br>          Plaintiff *Pro Se*,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>          Defendants. | Case No. 23-cv-3157 (TSC) |

## **MEMORANDUM OPINION**

Plaintiff Ronald Hills filed this action *pro se* against the United States and officers of the Veterans Appeals Board—Cheryl L. Mason, Kenneth A. Arnold, Jaime Areizaga-Soto, and their unnamed staff—in their official capacity, and Michael Figlioli and Sylvester Jones, employees of the Veterans of Foreign Wars of the United States ("VFW") Washington, D.C. office, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. Am. Compl. at 1–2, ECF No. 9.

Defendants Figlioli and Jones ("VFW Defendants") moved to dismiss Plaintiff's Amended Complaint. Defs.' Mot. to Dismiss ("VFW MTD"), ECF No. 20. The United States also moved to dismiss the Amended Complaint. Def.'s Mot. to Dismiss ("USA MTD"), ECF No. 23. Because the court lacks subject matter jurisdiction over this case, the court will GRANT both motions to dismiss, ECF Nos. 20, 23.

### I.   BACKGROUND

**A. Parties**

As it must at the motion to dismiss stage, the court accepts Plaintiff's allegations as true. Plaintiff is an honorably discharged veteran of the United States Navy who receives medical care

1

at the U.S. Department of Veterans Affairs ("VA") medical center in La Jolla, California. Am. Compl. ¶ 9. Defendant Figlioli is the Director of the Washington, D.C. office of VFW, and Defendant Jones is an Appeals Consultant for VFW. *Id.* ¶¶ 14, 16. VFW is a "government non-profit national association of [military] veterans" and a federally charged corporation pursuant to 36 U.S.C. § 230101(a). *Id.* ¶ 13.

Defendant Mason was Chairman of the Veterans Appeals Board from 2017 to 2022. *Id.* ¶ 10. Defendant Arnold was Vice Chairman and later, Acting Chairman, of the Veteran Appeals Board, until he was replaced by Defendant Areizaga-Soto. *Id.* ¶ 10.

### B. Factual and Legal Background

In April 2020, Plaintiff was transported by ambulance to the San Diego VA hospital in La Jolla, California. Am. Compl. *Id.* ¶ 18. Plaintiff was treated, but after he submitted a claim, "the VA refused to pay for his emergency medical transportation." *Id.* ¶ 18–19. After Plaintiff's reimbursement claim was denied around March 19, 2021, he requested a review of his claim by the local VA but was again denied. *Id.* ¶ 19. On July 15, 2021, he filed an appeal with the Veterans Appeals Board ("Board"), but never received confirmation that the Board docketed his appeal. *Id.* ¶¶ 21, 24. Instead, "the Board sent Plaintiff a letter asking him to confirm the fact that he wanted to proceed with a Board review," which he did. *Id.* ¶¶ 21–24. But he did not receive confirmation that the Board had docketed his appeal. *Id.* ¶ 24.

From then until around August 24, 2021, Plaintiff called the Board multiple times to get information about his appeal and "became aware of the fact that he was constantly being lied to" and "began recording his phone conversations with the Board's representatives, with their permission." *Id.* ¶¶ 25–26. Around August 24, 2021, Plaintiff contacted the White House Veterans Hotline to request assistance with finding out about the status of his appeal. *Id.* ¶¶ 26–

27. In speaking with a representative, Plaintiff learned that his appeal was never docketed by the Board and had been sent over to the VFW "without his consent." *Id.* ¶ 28.

In December 2021, Plaintiff submitted his appeal to the United States Court of Appeals for Veterans Claims. *Id.* ¶ 31. The Board subsequently moved to dismiss for lack of jurisdiction, *id.* ¶ 32, and on March 30, 2022, the United States Court of Appeals for Veterans Claims dismissed his appeal on jurisdictional grounds. *Id.* ¶ 33.

In January 2022, Plaintiff received three letters from the Board. *Id.* ¶ 34. The first, dated January 7, 2022, "restated the information about being confused as to Plaintiff['s] desire to have an Appeals Board review." *Id.* The second, dated January 20, 2022, stated that Plaintiff's appeal "was placed on an Evidence Submission docket." *Id.* The third, dated January 26, 2022, stated that Plaintiffs' appeal "was waiting on review by a law Judge and was being placed on the docket," but provided no docket number. *Id.* ¶ 35.

On August 5, 2022, Plaintiff contacted the Board and "once again requested a docket number from the Board and again with no results." *Id.* ¶ 36. On September 20, 2022, the Board emailed Plaintiff, indicating that it had sent Plaintiff's appeal files over to VFW "for review and submission of additional written arguments on his behalf." *Id.* ¶ 37. Plaintiff contests whether this was appropriate, since he did not consent to their assistance. *See id.* ¶¶ 38–44. Upon learning that his claim "had been turned over to the [VFW]," Plaintiff contacted the VFW "to find out why he hadn't heard from their office for over 14 months and to express his desire to have them removed from his claim." *Id.* ¶ 43. Defendant Jones indicated that Plaintiff would have to submit a written request to remove VFW from his appeal, and although Plaintiff asked Jones to notify him once this was processed, Plaintiff never heard back from VFW. *Id.* ¶ 44. Sometime in October 2022, Plaintiff filed a motion with the Board to advance his appeal. *Id.* ¶¶ 46–47.

In March 2023, Plaintiff contacted the Board call center to, again, inquire about his appeal, and a representative told him that his appeal had been docketed on September 9, 2022. *Id.* ¶ 45. The representative said they did not know why Plaintiff's appeal was not docketed in July 2021, when it was received or why Plaintiff did not receive a reply to his October 2022 motion to advance his appeal. *Id.* ¶ 46. But the representative contacted the Board on Plaintiff's behalf, and on July 3, 2023, Plaintiff received an email from the Board that, "for the first time in over 2 years, provided him with an [] appeal docket number." *Id.* ¶ 49.

On August 25, 2023, Plaintiff received a letter, dated May 10, 2023, from the Board indicating that his motion to advance his appeal was granted. *Id.* ¶ 50. On September 14, 2023, the Board remanded Plaintiff's claim "back to the regional office for additional action prior to rendering a decision." *Id.* ¶ 53. As of the date he filed his Amended Complaint—December 15, 2023—Plaintiff had not yet heard from the Board or the local regional office regarding the status of his appeal. *Id.* ¶ 55.

Plaintiff appears to allege three causes of action: First, that Defendants acted negligently and wrongfully by ignoring provisions of the Veterans Appeals Modernization Act and the U.S. Constitution in furtherance of a discriminatory motivated retaliation, depriving him of his constitutional rights under the Due Process and Equal Protection Clauses (Count I–Discrimination). *Id.* ¶¶ 64–73. Second, that Defendants breached their duties to Plaintiff (Count II–Negligence). *Id.* ¶¶ 74–77. Third, that all Defendants, except Defendant Jones, failed to properly supervise their staff in violation of Plaintiffs' due process and equal protection rights (Count III–Negligent Supervision). *Id.* ¶¶ 78–85. Plaintiff seeks an order canceling or suspending Defendant Jones' VA accreditation, $50,000 in damages from Defendants, jointly and severally, and other legal and equitable relief. Am. Compl. at 21.

The United States moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). USA MTD at 1. VFW Defendants also moved to dismiss for failure to state a claim under Rule 12(b)(6), and also appear to make a Rule 12(b)(1) argument. *See* VFW MTD at 1–2, n. 1. On February 14, 2024, the United States filed a Westfall Certification, certified by the Department of Justice, pursuant to 28 U.S.C. § 2679(d)(1), to replace the United States as the Defendant in place of the Board employees.[1] *See* ECF No. 17.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction under 12(b)(1)

Federal district courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (citation omitted) (internal quotations omitted). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject matter jurisdiction over the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Indeed, "[l]imits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'" *Watts v. SEC,* 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must assume the truth of all factual allegations and must review "the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."

---

[1] The Court granted this separately. *See* Order, ECF No. 35.

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the [c]ourt accept plaintiff's legal conclusions.'" *Disner v. United States,* 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States,* 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). The court "is not limited to the allegations of the complaint." *Hohri v. United States,* 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds,* 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics,* 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (collecting cases).

"A document filed *pro se* is 'to be liberally construed,'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But a plaintiff must nevertheless establish a basis for jurisdiction. *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) ("Although a *pro se* complaint is held to a less stringent standard than other complaints, even a *pro se* plaintiff . . . bears the burden of establishing that the [c]ourt has subject matter jurisdiction." (citations omitted) (internal quotations omitted)).

### III.   ANALYSIS

#### A. The Court Lacks Jurisdiction Over This Suit Under 38 U.S.C. § 511(a)

Under 38 U.S.C. § 511(a), federal district courts cannot review VA decisions on veterans' benefits. *See* 38 U.S.C. § 511. Section 511 provides that "[s]ubject to subsection (b), the decision of the [VA] Secretary as to any [benefits determination] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus

6

or otherwise." 38 U.S.C. § 511(a).  Consequently, a district court "may not hear claims attempting to challenge impermissibly the underlying VA benefits decisions." *Melvin v. U.S. Dep't of Veterans Affs.*, 70 F. Supp. 3d 350, 358 (D.D.C. 2014); *see also Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (affirming § 511(a) "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits, including medical expense reimbursement"); *Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006) (explaining § 511(a) forbids district court review of VA Secretary's decision that veterans were not entitled to the benefits they sought).

This prohibition includes challenges to either "the VA's action or inaction with respect to a veterans' benefits matter." *Price*, 228 F.3d at 421 (affirming district court lacked jurisdiction where underlying appellant's federal claim was allegation that the VA unjustifiably denied him a veterans' benefit, even when record did not clearly reflect whether appellant had pursued formal reimbursement claim with the VA).  To find otherwise would allow a federal district court to "intrude upon the VA's exclusive jurisdiction." *Id.* at 422.  Instead, "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the [United States Court of Appeals for Veterans Claims ("CAVC")] and from there to the United States Court of Appeals for the Federal Circuit." *Id.* at 421.

Section 511(b) identifies four exceptions to the rule that the VA Secretary's decisions on veterans' benefits is final, conclusive, and not reviewable: (1) review of agency rules and regulations (limited to the Court of Appeals for the Federal Circuit), (2) review of matters involving service members' life insurance pursuant to 38 U.S.C. § 1975 and § 1984, (3) matters pertaining to housing and small business loans, and (4) review in the Court of Appeals for Veterans Claims as outlined in 38 U.S.C. §§ 7251–7299.  *See* 38 U.S.C. § 511(b); *Blue Water Navy Viet. Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 573–74 (D.C. Cir. 2016) ("[R]eview in the district

7

courts is barred when 'underlying the claim is an allegation that the VA unjustifiably denied [ ] a veterans' benefit.'" quoting *Price*, 228 F.3d at 421); *Thomas*, 394 F.3d at 974–75 (recognizing that section 511(a) precludes district court review when a "denial of benefits underlies" the plaintiff's allegations (citation omitted) (internal quotations omitted)).

As an initial matter, Plaintiff's claims do not fall under any of these exceptions. He brings his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. Am. Compl. at 1–2. Under the FTCA, a claimant may sue the federal government for "money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1).

The FTCA does not circumvent Section 511. The D.C. Circuit has held that Section 511 precludes district court review not only of benefits determinations but also of tort claims related to a benefits determination that would require the district court to review the VA's decision about what the litigant was entitled to receive. *See Blue Water*, 830 F.3d at 576 (citing *Thomas*, 394 F.3d at 975). In this case, adjudicating Plaintiff's claims would require this court to review the VA's determination about what Plaintiff was entitled to receive in his benefits request. Therefore, the court does not have jurisdiction under § 1346(b)(1).

Further, courts have consistently held that a district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction. *Price*, 228 F.3d at 422 ("The courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction) (collecting cases); *see also Beamon v. Brown*, 125 F.3d 965, 972–74 (6th Cir. 1997) (due process challenge to VA procedures); *Weaver v. United*

*States,* 98 F.3d 518, 520 (10th Cir. 1996) (claims of fraud and misrepresentation in handling of benefits claim).

The CAVC is instead vested with jurisdiction to review all legal issues, including constitutional claims, and has the power to "compel action of the Secretary unlawfully withheld or unreasonably delayed," pursuant to 38 U.S.C. § 7261(a). *Viet. Veterans of Am. v. Shinseki*, 599 F.3d 654, 656 (D.C. Cir. 2010). CAVC decisions may be appealed to the Federal Circuit, which has authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," pursuant to 38 U.S.C. § 7292(d)(1), which provides in part:

In any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall—

(1) decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary;
(2) compel action of the Secretary unlawfully withheld or unreasonably delayed;
(3) hold unlawful and set aside decisions, findings (other than those described in clause (4) of this subsection), conclusions, rules, and regulations issued or adopted by the Secretary, the Board of Veterans' Appeals, or the Chairman of the Board found to be—
    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;
    (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
    (D) without observance of procedure required by law[.]

38 U.S.C. § 7261.

Plaintiff alleges that Defendants violated various statutes, regulations, policies, and procedures throughout his appeals process through negligence (Count II), and negligent supervision (Count III). Am. Compl. ¶¶ 74–85. He alleges the same for Count I but attempts to bring a constitutional challenge under the Fifth or Fourteenth Amendment. *Id.* ¶¶ 64–73. He alleges that he was discriminated against by virtue of the lack of due process he received

throughout the claims process. *Id.* ¶ 64. He claims that he is "African American" and "belong[s] to a protected class." *Id.* ¶ 68. He also claims that "[d]iscrimination is an unfortunate reality of American Society" and "[t]he same bias and discrimination that occurs in society at large can affect the VA claims process." *Id.* ¶ 65. In support of his claim, he lists some of the following examples:

- Services for which Plaintiff was eligible were denied without due process, resulting in financial and emotional hardship.
- The local VA office refused to timely provide Plaintiff with a Statement of the Case.
- The Appeals Board received Plaintiff's appeal and never docketed it as mandated by statute.
- The VFW took control of Plaintiff's claim without his consent, then ignored the mandates of the statutory standards of conduct for representatives by not contacting Plaintiff for over a year.
- The Appeals Board ignored Plaintiffs' choice of representation in violation of relevant VA statutes.
- The VFW ignored Plaintiffs' right to represent himself in violation of relevant VA statutes.
- The Board ignored Plaintiff's motion to advance his appeal for almost a year without a reply.
- The Board took two years to provide Plaintiff with a docket number.

Am. Compl. at 15–16.

Plaintiff challenges the process he received, or did not receive, from the Board, the VFW, and their respective employees. He does not mention his race, other than as noted above. But courts do not acquire jurisdiction to hear challenges to benefits decisions merely because those challenges are cloaked in constitutional terms. *See Beamon*, 125 F.3d at 972; *Sugrue v. Derwinski*, 26 F.3d 8, 10 (2d Cir. 1994). "If plaintiffs were able to circumvent the CAVC's jurisdiction by creative pleading, district courts would be forced to issue unnecessary constitutional decisions when a statutory ground for the decision would do." *Shinseki*, 599 F.3d at 660. As the *Shinseki* court noted: "Plaintiffs would be able to seek the same exact relief in multiple fora—bringing the due process claim in the district court and the unreasonable delay claim in the CAVC—despite the

general rule proscribing the splitting of a cause of action." *Id.* (citing *Wilson v. Johns-Manville Sales Corp.*, 684 F.2d 111, 117 (D.C. Cir. 1982)).  For these reasons, the court finds it lacks subject matter jurisdiction over this case.

Plaintiff has been waiting a long time—three to four years—to be heard on what seems to be a simple medical reimbursement appeal, and the court is aware of his frustration.  Veterans, who have sacrificed for this country, should not have to fight another battle just to have their claims heard.  The appeals process should be efficient and fair, ensuring that those who served receive the support they were promised.  Justice demands no less.  But this court does not have jurisdiction over Plaintiff's claims, and he has other avenues for relief.

### IV.     CONCLUSION

Given the above, the Court will grant the Motions to Dismiss, ECF Nos. 20 and 23, and dismiss this case for lack of subject matter jurisdiction.  An Order will accompany this opinion.

Date: March 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge